UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROLQUIS TORRES RICARDO,

      Petitioner,

    v.                           Case No.:  2:26-cv-01001-SPC-NPM

MATTHEW MORDANT *et al*,

      Respondents.

                                  /

## **OPINION AND ORDER**

Before the Court are petitioner Rolquis Torres Ricardo's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 8), and Torres Ricardo's reply (Doc. 11).

Torres Ricardo is a native of Cuba who was paroled into the country on January 10, 2014.  On July 28, 2016, he was convicted of lewd and lascivious molestation of a minor and sentenced to 10 years of probation.  He was then convicted of domestic violence on April 5, 2017.  An immigration judge ordered Torres Ricardo removed on May 1, 2017.  Immigration and Customs Enforcement ("ICE") was unable to execute removal, so it released Torres Ricardo under an order of supervision on July 25, 2017.

On January 13, 2026, Immigration and Customs Enforcement ("ICE") arrested Torres Ricardo at his home.  He is currently detained at Alligator

Alcatraz.  Torres Ricardo argues his detention violates the Immigration and Nationality Act and the Fifth Amendment.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. 678, 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Torres Ricardo's petition is premature because his current detention has not exceeded 180 days. They assume the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Torres Ricardo carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government has been unable to remove him in 2017, no change in circumstances makes removal more likely now, and ICE has provided no plan

or timeline for removal since his arrest in November.  The burden shifts to the government, but it makes no attempt at rebuttal.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention.  "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690.  The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id*.  Given Torres Ricardo's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Rolquis Torres Ricardo's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Torres Ricardo poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Torres Ricardo may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on April 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record